IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALFEO OROZCO AGUILAR,

     Petitioner,

v.                                             No. 2:26-cv-410-KG-LF

TODD LYONS, et al.,

     Respondents.

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court on Alfeo Orozco Aguilar's Petition for a Writ of Habeas Corpus, Doc. 1, and the Government's Response, Doc. 12. Following a hearing, the Court issued a Temporary Restraining Order ("TRO") directing the Government to release Petitioner. *See* Doc. 10. The TRO expires on March 26, 2026. The Court acknowledges that Petitioner has not filed a reply—he may submit any objections to this Order. For the reasons below, the Court grants the petition.

## I. *Background*

Petitioner is a Guatemalan citizen who entered the United States in 2005 without inspection. Doc. 5 at 3. He resides in Florida. *Id.* at 2. He is married and his wife suffers from Type 1 diabetes and he has at least one citizen child. *Id.* at 3. In July 2025, ICE agents arrested Petitioner when picking up his co-worker's vehicle in Florida. *Id.* at 2. Petitioner is currently detained at Torrance County Detention Center in New Mexico. *Id.* at 1.

Petitioner contends that his continued detention violates the Immigration and Nationality Act ("INA") and the Due Process Clause. *See id.* at 4–5. He seeks a writ of habeas corpus requiring the Government to release him unless it provides a bond hearing. Doc. 1 at 12. The

Court issued a Temporary Restraining Order ("TRO") requiring the Government to release Petitioner on February 26, 2026.  Doc. 10.

## II.      Standard of Review

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement."  *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.     Analysis

For the reasons below, the Court concludes that (A) 8 U.S.C. § 1226 governs Petitioner's detention, (B) Petitioner's detention violates his right to due process, and (C) the proper remedy is a bond hearing where the Government bears the burden of proof.

### A.      Section 1226 governs Petitioner's detention.

The Immigration and Nationality Act ("INA") establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States.  *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018).  Section 1225(b)(2)(A) applies to "applicant[s] for admission" who are "seeking admission" and "not clearly and beyond a doubt entitled to be admitted."  The "provision mandates detention and affords no bond hearing."  *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.) (Gonzales, J.).  By contrast, § 1226(a) authorizes the arrest and detention, "on a warrant issued by the Attorney General," of noncitizens "pending a decision on whether [they are] to be removed."  Noncitizens "detained under this second detention regime are entitled to individualized bond hearings at the outset of detention."  *Pu Sacvin*, 2025 WL 3187432, at *1.

Consistent with the overwhelming majority of district courts to consider the issue and this Court's prior findings, the Court finds that § 1226 governs here. *See Barco Mercado v. Francis*, 2025 WL 3295903, at *13 (S.D.N.Y.) (collecting 362 district-court opinions nationwide and noting that challengers prevailed in at least 350 of them, in decisions by over 160 judges across fifty courts); *Pu Sacvin*, 2025 WL 3187432 (Gonzales, J.); *Danierov v. Noem*, 2026 WL 45288, at *2 (D.N.M.) (Gonzales, J.). Section 1225(a)(1) defines an "applicant for admission" as a noncitizen "who has not been admitted *or* who arrives in the United States." In contrast, § 1225(b)(2)(A)'s detention mandate applies only to noncitizens "*seeking* admission" (emphasis added). Noncitizens "seeking admission" are those who have not "effected an entry" into the United States. *DHS v. Thuraissigiam*, 591 U.S. 103, 140 (2020). Noncitizens "who entered the country years earlier" are not "seeking admission," and therefore fall under § 1226 rather than § 1225(b)(2)(A). *Pu Sacvin*, 2025 WL 3187432, at *3. The Court acknowledges the recent Fifth Circuit decision holding that "[w]hile [noncitizens] remain applicants" for admission, "they are...seeking admission." *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330, at *5 (5th Cir.). However, the Tenth Circuit has not yet addressed this question.

Under this framework, § 1226 governs Petitioner's detention. ICE arrested him decades after initial entry into the United States and did not apprehend him at or near the border. Doc. 10 at 1. Accordingly, § 1225's mandatory detention provision does not apply because Petitioner effected an entry into the United States by living here for more than two decades. *Pu Sacvin*, 2025 WL 3187432, at *3.

### B.    *Petitioner's detention violates his right to due process.*

Courts analyze due process claims in two steps: first, whether there exists "a protected liberty interest under the Due Process Clause," and second, whether the procedures used to

deprive that interest "accord with the Constitution." *Domingo v. Castro*, 2025 WL 2941217, at *3 (D.N.M.).

Here, Petitioner has a protected liberty interest. After residing in the United States, noncitizens acquire "a protectable liberty interest in remaining out of custody on bond." *Danierov*, 2026 WL 45288, at *2. Petitioner's prior release allowed "him to do a wide range of things," including to live at home, work, and "be with family and friends and to form the other enduring attachments of normal life." *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). Petitioner was also entitled to procedural safeguards before he was detained. In determining what process is due, courts consider (1) "the private interest" affected; (2) "the risk of erroneous deprivation" through the procedures used and the probable value of additional safeguards; and (3) "the Government's interest," including the fiscal and administrative burdens of additional procedures. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

To start, Petitioner's private interest in remaining free from detention is substantial. "Freedom from imprisonment...lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690 (2001).

There is also a significant risk of erroneous deprivation. Courts require "a material change in circumstances as to whether the noncitizen poses a danger to the community or an unreasonable risk of flight" before DHS revokes a noncitizen's freedom. *Danierov*, 2026 WL 45288, at *2. No assessment was made as to whether any material facts had changed, creating a substantial risk of erroneous deprivation of his liberty interest.

Finally, the Government's interest in detaining Petitioner without a hearing is limited and the administrative burden of providing a bond hearing is minimal. *See Danierov*, 2026 WL 45288, at *2 (the "cost of providing a bond determination is not terribly burdensome").

**C.      *The remedy is a bond hearing where the Government bears the burden of proof.***

The proper habeas remedy is a prompt bond hearing at which the Government must prove, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community.  Although "under normal circumstances, the burden" at a § 1226 hearing "is on the noncitizen" to show that detention is unwarranted, Petitioner's "unlawful detention in violation of his constitutional rights shifts that burden to the Government." *Pu Sacvin*, 2025 WL 3187432, at *3.  A noncitizen's "strong private interest in being free from civil detention" outweighs the Government's "comparatively minimal burden to justify custody." *Id.*

**IV.      *Conclusion***

The Court grants Mr. Orozco Aguilar's Petition for Writ of Habeas Corpus, Doc. 1. Because the Court already directed the Government to release Petitioner, it now enjoins the Government from re-detaining him unless it provides an individualized bond hearing before an Immigration Judge under § 1226(a).

The Government shall file a status report within ten business days of this Order confirming that it has provided him with a bond hearing or, alternatively, that he remains at liberty.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.